**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **PAUL JEFFREY CONNALL #00418226,** § | | |
| **PETITIONER,** § | | |
| § | | |
| **V.** § | **A-23-CV-601-DII** | |
| § | | |
| **BOBBY LUMPKIN,** § | | |
| **RESPONDENT.** § | | |

**ORDER**

Before the Court are Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 8) to which Petitioner did not reply. Petitioner, proceeding *pro se*, was granted leave to proceed *in forma pauperis*. For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus is dismissed as time-barred.

**STATEMENT OF THE CASE**

Petitioner is currently serving a 60-year sentence for murder. Petitioner was released to mandatory supervision on September 21, 2021. Petitioner argues he is subjected to mandatory supervision release conditions in violation of the Ex Post Facto Clause. Specifically, he argues he should not be subjected to the Super Intensive Supervision Program (SISP) or electronic monitoring. At the time he filed his petition for writ of habeas corpus he was confined in the Williamson County Jail. He was subsequently transferred to the East Texas Treatment Facility.

Respondent asserts Petitioner's petition is time-barred. Alternatively, Respondent asserts Petitioner's claims are not cognizable in a petition for writ of habeas corpus.

**DISCUSSION AND ANALYSIS**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner could have discovered the factual predicate of his claims at the time of his release on mandatory supervision on September 21, 2021.  Petitioner's federal petition was due one year later on September 21, 2022.  Petitioner did not execute his petition until May 25, 2023, after the limitations expired.

Petitioner did not file a state application for habeas corpus relief to toll the limitations period. Petitioner also alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Petitioner bears the burden of establishing equitable tolling is appropriate. *See Phillips v. Donnelly*,

216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (*per curiam*).  Accordingly, Petitioner's petition is time-barred.

The Court does not construe Petitioner's petition for writ of habeas corpus as a civil rights complaint because Petitioner is barred from proceeding *in forma pauperis* in a civil rights action pursuant to 28 U.S.C. § 1915(g).  Petitioner may not circumvent the filing fee requirements of the Prison Litigation Reform Act by filing a petition for writ of habeas corpus.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court denies Petitioner a certificate of appealability.

It is therefore **ORDERED** that Petitioner Paul Jeffrey Connall's Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** as time-barred and a certificate of appealability is **DENIED**.

**SIGNED** on September 14, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE